### 20832

The STATE, Respondent, v. Michael Anthony ROBINSON, Appellant.

(249 S. E. (2d) 907)

---

[1] Formerly rule 8, now rule 12.

*Stephen J. Henry* and *H. F. Partee,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

December 7, 1978.

NESS, Justice:

The issue in this appeal is whether a family court judge has the authority to revoke a juvenile's conditional release status. We conclude the Board of Juvenile Placement and Aftercare is the sole judge of whether a juvenile has failed to abide by the conditions of his release. Therefore, we reverse the family court order holding that appellant, Michael Robinson, violated his conditional release.

A juvenile petition alleging that appellant committed grand larceny was filed with the family court. Robinson had been conditionally released to the South Carolina Department of Juvenile Placement and Aftercare from the Department of Youth Services approximately one month earlier. Without considering the grand larceny charge, the family court judge revoked appellant's conditional release because he had been suspended from school, and ordered appellant recommitted to the custody of the Department of Youth Services.

A family court judge has no authority to alter a juvenile's status after he has been released from the Department of Youth Services to the Board of Juvenile Placement and Aftercare. Code § 24-15-390 (1976) is quite explicit that such decisions are in the sole province of the Board. That Section states:

"The Board of Juvenile Placement and Aftercare shall be *the sole judge* as to whether or not the child failed to abide by the aftercare rules and conditions of release, and no appeal therefrom shall be allowed." (Emphasis supplied).

Accordingly, the trial court erred in usurping the function of the Board.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.